IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANOGNA DEVABHAKTUNI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-2215-K-BN |
| | § | |
| DAVID C. GODBEY, Judge, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Manogna Devabhaktuni has filed a *pro se* complaint against Defendant David C. Godbey, the presiding United States district judge in Devabhaktuni's initial *pro se* action in this court, *Devabhaktuni v. CPS, et al.*, No. 3:19-cv-1743-N-BT (N.D. Tex.) ("*Devabhaktuni I*"). Devabhaktuni also appears to bring claims against "all judges, security teams."

This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

Before addressing the merits of Devabhaktuni's current claims, to the extent that all judges of this Court have been sued, doing so implicates 28 U.S.C. § 455(b), under which "federal judges are generally precluded from adjudicating a proceeding if they are a party to the proceeding or if they have a personal bias or prejudice concerning a party." *Haase v. Countywide Home Loans, Inc.*, 838 F.3d 665, 666 (5th Cir. 2016) (per curiam).

But, "under the Rule of Necessity, judges may decide a case even if they have a personal interest in it if 'the case cannot be heard otherwise.'" *Id.* at 666-67 (quoting *United States v. Will*, 449 U.S. 200, 213 (1980); citing *Ignacio v. Judges of the United States Court of Appeals for Ninth Circuit*, 453 F.3d 1160, 1163 (9th Cir. 2006)).

And this rule – which "the amended § 455 'was not intended by Congress to alter,'" *In re City of Houston*, 745 F.2d 925, 930 n.9 (5th Cir. 1984) (quoting *Will*, 449 U.S. at 218) – may be invoked by "an otherwise disqualified judge ... to hear a case if all judges in his district are disqualified even if there are qualified judges in other districts," *Haase*, 838 F.3d at 667. Put differently, "where all are disqualified, none are disqualified." *City of Houston*, 745 F.2d at 930 n.9 (quoting *Pilla v. Am. Bar Ass'n*, 542 F.2d 56, 59 (8th Cir. 1976)).

Judge Kinkeade and – through his standing order of reference – the undersigned are therefore qualified to consider this lawsuit.

A district court may summarily dismiss a complaint filed IFP if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978);

*Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))). And "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity." *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

None of Devabhaktuni's factually-plausible allegations against Judge Godbey (or any other judge) reflect that he (or another judge) acted outside a judicial capacity. Such claims are therefore barred by absolute judicial immunity and should be dismissed with prejudice.

And, to the extent that Devabhaktuni has sued other court employees, such employees – court clerks, for example – "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. June 1981)). This quasi-judicial immunity

extends to deputy clerks of court when they act as "explicitly commanded by a court decree or by the judge's instructions." *Id.* at 682. Thus, to the extent that Devabhaktuni brings claims against court employees, because it has not been alleged that such employees acted outside of judicial instructions, those claims should also be dismissed with prejudice.

Further, to the extent that court employees are not absolutely immune, any claims asserted against them should be summarily dismissed because Devabhaktuni has failed to "plead facts sufficient to show" that such claims have "substantive plausibility" by stating "simply, concisely, and directly events" that entitle her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

## Recommendation

The Court should dismiss this case with prejudice under 28 U.S.C. § 1915(e)(2)(B).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 17, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE